UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEMONI PETERSON, | No. 15-cv-0689 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| SUZAN L. HUBBARD, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner challenges his 2009 conviction for robbery and related offenses. Respondent's motion to dismiss is pending. Respondent claims that the petition must be dismissed because petitioner's claims are barred by the one-year statute of limitations. (ECF No. 14.) Petitioner opposes the motion, contending that his petition should be considered timely because he is entitled to equitable tolling. After careful consideration of the record before the court, the undersigned finds that additional briefing is warranted in this case.

Equitable Tolling

The one year statute of limitations for filing a federal habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that

1

some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The diligence required is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

In his opposition to respondent's motion to dismiss, petitioner contends that equitable tolling is warranted based on his lack of access to legal materials, his placement in administrative segregation, and his mental health status.

*Mental Impairment*

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
>   (a) petitioner was unable to rationally or factually to personally understand the need to timely file, or
>
>   (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted); see also Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

A petitioner alleging a severe mental impairment during the filing period is not entitled to an evidentiary hearing unless he or she makes "a good faith allegation that would, if true, entitle him to equitable tolling." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003) (remanding for consideration of whether the petitioner's delayed filing was "attributable to psychiatric medication which deprived Petitioner of any kind of consciousness" where the petitioner had demonstrated "evidence of serious mental illness" by attaching prison psychiatric and medical records); see

Bills, 628 F.3d at 1099-100 (remanding where the petitioner was in the lowest percentile for verbal IQ, verbal comprehension and working memory, and, according to clinical psychologists, was incapable of inferential thinking necessary to complete a federal habeas form); see also Orthel, 795 F.3d at 939-40 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.") (quoting Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).)

In the instant case, petitioner alleges that for the past two to three years, he has been taking Trilyptol for anxiety, depression, and post-traumatic stress disorder, and Zoloft for depression. (See ECF No. 17 at 7.) Petitioner alleges that these medications "sometimes cause [petitioner] to lose [his] memory short term [*sic*] and have jumbled thoughts because of their side effects." (Id.) However, petitioner has not submitted any medical records or other documentation in support of his apparent contention that his alleged mental impairment was so severe that it caused his untimely filing.

Petitioner is granted the opportunity to provide additional briefing on his equitable tolling claim. Specifically, petitioner is directed to file a supplemental brief, signed under penalty of perjury, addressing his allegations that his medications interfered with his short term memory and "jumbled" his thoughts. In his brief, petitioner should explain when he started taking each medication and for what periods of time he was unable to file his federal habeas petition, as a result of the side effects of the medications. Petitioner must demonstrate by competent evidence that he suffers from a serious mental illness. Thus, petitioner is encouraged to attach any medical records he may have in support of his claims, including copies of his prescriptions or progress notes prepared by medical staff. Specifically, petitioner should submit any documents that would support his claim that (1) he was actually taking these medications for the period of time alleged, and (2) that the medications and related side effects interfered with his thought process so severely that it caused the untimely filing of his federal habeas petition.

////

*Lack of Access to Legal Materials*

In some instances, a petitioner's lack of access to his or her legal files may warrant equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009) ("[d]eprivation of legal materials is the type of external impediment for which we have granted equitable tolling"); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (holding that "a complete lack of access to a legal file may constitute an extraordinary circumstance" and remanding for determination of whether petitioner's lack of access to his legal file made timely filing impossible). However, the dispositive question is whether the denial of access to the files was the cause of the delay. United States v. Battles, 362 F.3d 1195, 1197-98 (9th Cir. 2004).

In his opposition, petitioner contends that he is entitled to equitable tolling because, on or about March 11, 2014, he was placed in administrative segregation and thereafter involuntarily transferred to another prison. (See ECF No. 17 at 6.) Petitioner asserts that he had "several conflicting issues about obtaining his legal materials," and was not released from administrative segregation until approximately January 2015. (See id. at 7.) If petitioner was completely deprived of access to his legal materials during this time, he may be entitled to equitable tolling. However, it is not clear from petitioner's opposition if he was denied access to his legal materials during the entire period of March 11, 2014, through January 2015, or if he had access to his materials during part of this time. Therefore, in his supplemental brief, petitioner should explain to the court (1) for what periods of time he was without access to his legal materials, and (2) whether he had access to some of his legal materials during this time, or if he was completely denied access to all of his materials.

The court also notes that petitioner's federal habeas corpus petition includes as attachments several letters documenting petitioner's efforts to obtain various legal materials in late 2012 and early 2013, before his first state habeas petition was filed. These letters suggest that petitioner may have been without access to his legal materials for some period of time before he filed his first state habeas petition in the Solano County Superior Court.

////

Petitioner is advised that the federal statute of limitations was running during the time before he filed his first state habeas petition. If it is petitioner's position that he is entitled to equitable tolling for any period of time between October 11, 2011, and the filing of his first state habeas petition, petitioner should explain this argument in his supplemental briefing.

*Delay in Filing State Habeas Petition with the California Supreme Court*

In general, the statute of limitations is statutorily tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled. Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same).

Here, the court observes that after petitioner's state habeas petition was denied by the California Court of Appeal on August 2, 2012, petitioner waited 81 days to file his habeas petition with the California Supreme Court. (See ECF No. 14-2 at 51, 52.) Petitioner is advised that this length of delay is generally considered unreasonable, unless petitioner provides some justification for the delay. See Evans v. Chavis, 546 U.S. at 210. If petitioner has an explanation as to why he delayed in filing his petition in the California Supreme Court, he should provide this explanation in his supplemental brief. Petitioner is advised that if he cannot adequately justify the delay, petitioner will not be entitled to tolling during the interval between the California Court of Appeal's denial of his petition and the filing of his petition in the California Supreme Court.

////

////

*Diligence*

Finally, petitioner is reminded that petitioner "bears the burden of showing his own diligence *and* that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition . . . late." Waldron-Ramsey, 556 F.3d at 1013 (emphasis added). In determining whether a habeas petitioner has been diligent, courts consider both whether he was diligent in pursuing his rights "*at the time his efforts* were being thwarted," as well as during the "period of time *before* the external impediment." Roy, 465 F.3d 964, 970-72 (9th Cir. 2006); see id. (quoting LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005)) ("This obligation [to act diligently] does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."). "Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). A petitioner must provide specific facts regarding what was done to pursue the petitioner's claims to demonstrate that equitable tolling is warranted. Roy, 465 F.3d at 973; see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness); Waldron-Ramsey, 556 F.3d at 1013-14 (prisoner did not point to specific instances where he needed a particular document and could not procure it when needed and failed to meet his burden to show his own diligence and that the hardship created by the lack of access to his materials was an extraordinary circumstance that caused him to file an untimely petition).

Petitioner's opposition does not make clear whether he was wholly deprived of his legal materials for periods of time, or whether his access to such materials was limited. For example, in his declaration, petitioner claims he went to ad seg on March 11, 2014, and "had several conflicting issues about obtaining [his] legal material." (ECF No. 17 at 6.) However, petitioner must explain how he was diligent in seeking such legal materials, and whether he was completely deprived of pertinent legal materials, or whether he had access to some of his legal materials. In addition, petitioner must describe the legal materials sought as well as his efforts to obtain such

legal materials, how the deprivation of such legal materials prevented him from filing his federal petition, and the date he obtained access to such materials. Similarly, to the extent petitioner contends an involuntary transfer constituted an extraordinary circumstance, he must provide similar factual details as to his diligence and alleged impeded access to necessary legal materials. The Ninth Circuit has repeatedly held that there must be a "causal link between the lateness [of the petition] and the extraordinary circumstances" cited for the tardiness. Hartley v. Hall, 335 Fed. App'x 686, 687-88 (citing Bryant v. Schriro, 499 F.3d 1056, 1061 (9th Cir. 2007) ("Petitioner has failed to establish the requisite causal connection.")).

Therefore, in his supplemental opposition, petitioner must explain, by providing specific dates and circumstances, his own diligence and how the hardship caused by his lack of access to specific legal materials constituted an impediment to his timely filing in federal court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, petitioner shall file and serve a supplemental opposition to respondent's motion to dismiss. Petitioner shall address each of the four areas specifically set forth above.

2. Respondent may file a reply within fourteen days after the filing date of petitioner's supplemental opposition.

3. Petitioner's failure to comply with this order may result in a recommendation that his request for equitable tolling be denied.

Dated: November 9, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pete0689.fb.EqT